**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------X

**ROBERT JEFFREY JOHNSON, JR.,**

**Plaintiff,**

**-against-**

**COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, CORPORAL PATRICK MCCAFFREY, OFFICER THOMAS BENSON, OFFICER JAMES STAIB, OFFICER "JOHN" STUSSEY, JANE AND JOHN DOES 1-9 SERVANTS AND REPRESENTATIVES OF THE COUNTY OF NASSAU,**

**Defendants.**

---------------------------------------------------------------------X

**COMPLAINT**

**DOCKET NO.:**

**JURY TRIAL DEMANDED**

Plaintiff, ROBERT JEFFREY JOHNSON, JR., by his attorneys, GUERCIO & GUERCIO, LLP, complaining of Defendants, COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, CORPORAL PATRICK MCCAFFREY, OFFICER THOMAS BENSON, OFFICER JAMES STAIB, OFFICER "JOHN" STUSSEY, JANE AND JOHN DOES 1-9 SERVANTS AND REPRESENTATIVES OF THE COUNTY OF NASSAU, alleges upon information and belief as follows:

## Nature of the Action

1. This civil rights action arises from the unreported beating and sexual assault at the hands of Nassau County Correction employees on Robert Jeffrey Johnson, Jr., an African American male, in October 2021, while Plaintiff was imprisoned in a County jail in Nassau County. Plaintiff seeks compensatory and punitive damages for violation of his civil rights under 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and under New York common and statutory law.

**Jurisdiction & Venue**

2. The jurisdiction of this Court is invoked under 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this being an action authorized by law to redress the deprivation of rights secured under color of state law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the Plaintiff by the Fourteenth Amendment to the Constitution of the United States. Jurisdiction of this Court exists pursuant to 42 U.S.C. §§ 1981, 1983, 1985, and 1986 and under the Fourteenth Amendment of the United States Constitution.

3. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of Plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of Plaintiff's claims under applicable State law.

4. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

**Parties**

5. Plaintiff, ROBERT JEFFREY JOHNSON, is a citizen of the United States of America and an African American man who, at all times relevant, was an inmate and/or prisoner in the custody and control of the County of Nassau and its employees.

6. On or about October 12, 2021, Plaintiff was in the Nassau County Correctional Center (hereinafter referred to as "NCCC"), a correctional facility located at 100 Carman Ave, East Meadow, in the County of the Nassau and State of New York

7. At the time complained of, NCCC was a correctional facility owned, maintained, and operated by Defendant, COUNTY OF NASSAU.

8. At the time complained of, Defendant NASSAU COUNTY SHERIFF'S OFFICE (hereinafter to referred to as "Sheriff's Office") is an agency and/or entity of the COUNTY OF NASSAU.

9. Defendant, COUNTY OF NASSAU (hereinafter referred to as the "County") is a municipal corporation duly incorporated and existing under the laws of New York State.

10. At the time complained of, Defendant County established and maintained a Department of Corrections as a constituent department or agency.

11. During all times mentioned in this Complaint, Defendant County is/was the employer of the named Defendants Sheriff's Office, NCCC, and correction officers.

12. Defendant CORPORAL PATRICK MCCAFFREY (hereinafter referred to as "Corporal McCaffrey") was at all times relevant, a duly appointed and acting employee of Defendants NCCC and/or the County and/or the Sheriff's Office.

13. Corporal McCaffrey is being sued in his individual and official capacities.

14. Defendant OFFICER THOMAS BENSON (hereinafter referred to as "Officer Benson") was at all times relevant, a duly appointed and acting employee of Defendants NCCC and/or the County and/or the Sheriff's Office.

15. Officer Benson is being sued in his individual and official capacities.

16. Defendant OFFICER JAMES STAIB (hereinafter referred to as "Officer Staib") was at all times relevant, a duly appointed and acting employee of Defendants NCCC and/or the County and/or the Sheriff's Office.

17. Officer Staib is being sued in his individual and official capacities.

18. Defendant OFFICER "JOHN" STUSSEY (hereinafter referred to as "Officer Stussey") was at all times relevant, a duly appointed and acting employee of Defendants NCCC and/or the County and/or the Sheriff's Office.

19. Officer Stussey is being sued in his individual and official capacities.

20. Defendants JANE AND JOHN DOES 1-9 SERVANTS AND REPRESENTATIVES OF THE COUNTY OF NASSAU (hereinafter referred to as "Janes and John Does") were at all times relevant, duly appointed and acting employees of Defendants NCCC and/or the County and/or the Sheriff's Office.

21. Janes and John does are being sued in their individual and official capacities.

22. At all times relevant, Defendants Corporal McCaffrey, Officer Benson, Officer Staib, Officers Stussey, and Jane and John Does, were involved in the incidents underlying this lawsuit.

23. At all times relevant, Defendants Corporal McCaffrey, Officer Benson, Officer Staib, Officers Stussey, and Jane and John Does, were acting under color of state law.

24. At all times relevant, Defendants Corporal McCaffrey, Officer Benson, Officer Staib, Officers Stussey, and Jane and John Does, and other correction personnel involved in the incident underlying this lawsuit were agents, servants, and employees acting within the scope of their employment with Defendant County.

**Notice of Claim**

25. On or about January 5, 2022, and within ninety (90) days after the claims arose, Plaintiff filed a Notice of Claim upon Defendant County by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

26. On or about January 5, 2022, and within ninety (90) days after the claims arose,

Plaintiff filed a Notice of Claim upon Defendants NCCC and Sheriff's Office by delivering copies thereof to the person designated by law as a person to whom such claims may be served.

27. More than thirty (30) days have elapsed since the service of the Notice of Claim on the aforementioned Defendants, and adjustment or payment of the claim has been neglected or refused.

28. An examination pursuant to General Municipal Law § 50-h was held on March 18, 2022.

29. That the state law claims in this action are brought within one (1) year and ninety (90) days from the date of occurrence complained of herein.

30. Plaintiff has complied with all conditions precedent applicable to the instant action.

**Factual Background**

31. On or about October 12, 2021, at approximately 3:30 p.m., in or around Housing Area B-dorm, B2D, Cell #9 at NCCC in County of Nassau, State of New York, Plaintiff was brutally beaten and sexually assaulted by employees of NCCC, including by Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does.

32. Upon information and belief, at that date, time, and place, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, removed Plaintiff from his jail cell.

33. Upon information and belief, while handcuffed, Plaintiff was directed by the individually named Defendants to face the wall. Plaintiff was then directed to face the individually named Defendants, who began punching, kicking, and spitting on Plaintiff. Plaintiff was pinned to the floor by the individually named Defendants, who pulled down Plaintiff's pants and Corporal McCaffrey penetrated his buttocks with his finger.

34. Upon information and belief, during the beating, a presently unknown Corrections Officer(s), called Plaintiff, in sum and substance, a “black faggot nigger.”

35. Upon information and belief, during the beating, a presently unknown Corrections Officer pulled out a can of pepper spray to threaten Plaintiff and told him, in sum and substance, to “shut the fuck up faggot nigger.”

36. This assault took place in the presence of Correction Department employees.

37. This assault took place in the presence of Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does.

38. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the conduct to which Plaintiff had been subjected.

39. The individually named Defendants, in fact, and each of them, acted to cover-up the misconduct by, *inter alia*, failing to report the unlawful use of force.

40. At all times relevant, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, employees of Defendants County and/or NCCC, were responsible for the care, custody and control of Plaintiff and the other inmates housed in Housing Area B-dorm.

41. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, ignored the incident and failed to report the use of force.

42. At no time did Plaintiff assault or attempt to assault any NCCC employee, nor did he pose a threat to any NCCC employee.

43. Plaintiff suffered, among other things, physical pain and injury, including

permanent damage to his eyesight, lacerations to his face, arms, stomach and legs, as well as other severe and permanent physical injuries. In addition, Plaintiff has suffered, and continues to suffer, severe emotional and psychological trauma due to the misconduct to which he was subjected.

44. At all times relevant, Correction Department employees, including but not limited to Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, and others assigned to the housing area, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to Plaintiff's rights and physical and mental well-being.

## FIRST CAUSE OF ACTION
**(42 U.S.C. § 1983 – Excessive Use of Force)**

45. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

46. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, caused or allowed Plaintiff to be deprived of his right to be free of unreasonable force in violation of Plaintiff's civil and constitutional rights, as guaranteed under 42 U.S.C. § 1983 and the United States Constitution's Fourteenth Amendment.

47. The acts, inaction and omissions of Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, constitute deliberate, willful, wanton indifference to the right of Plaintiff be free from unlawful use of force by Correction personnel.

48. That the acts, inaction and omissions of Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, acting under color of State law, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable

consequences of his acts and were designed to and did cause injury in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and set forth in the Fourteenth Amendment to the United States Constitution.

49. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

50. As a result of said civil rights violations, Plaintiff suffered personal injuries, physical injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**SECOND CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Failure to Intervene)**

51. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

52. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, were present during the conduct to which Plaintiff, was subjected, had reasonable opportunities to prevent or end the conduct, and nonetheless failed to intervene to prevent, end, or truthfully report the unlawful conduct to which Plaintiff was subjected.

53. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

**THIRD CAUSE OF ACTION**
**(42 U.S.C. § 1985)**

54. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

55. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, conspired to deprive Plaintiff, an African American citizen, of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully beat and brutalize Plaintiff because of or on account of Plaintiff's race and/or color.

56. Upon information and belief, the Defendants further deprived Plaintiff of his due process rights, specifically, by conspiring to unlawfully beat and brutalize and sexually assault Plaintiff, a minority, without reason or justification, rule of law, and by further denying Plaintiff his 5th Amendment rights via a conspiracy to cover up the misconduct of said officers and officials and to prevent Plaintiff from being compensated for their unlawful conduct and unjustified beating causing the Plaintiff to suffer and continue to suffer severe physical and emotional harm.

57. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does made an agreement to attempt to cover up the assault, battery, sexual assault, and excessive force against Plaintiff.

58. This plan is evidenced by the fact that the individual Defendants failed to document and/or report their use of force against Plaintiff in violation of NCCC and/or the Sheriff's Office rules, regulations, and/or procedures.

59. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does took action in furtherance of this agreement by failing to document and/or report their use of force against Plaintiff.

60. The actions by Defendants denied Plaintiff of his due process and equal protection rights under the law. All of these rights are guaranteed to the Plaintiff under 42 U.S.C. § 1983, 1985, and the 4th, 5th, and 14th Amendments to the United States Constitution.

61. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

**FOURTH CAUSE OF ACTION**
**(42 U.S.C. § 1986 – Failure to Intervene)**

62. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

63. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, conspired to deprive Plaintiff, an African American citizen, of his 4th, 5th, and 14th Amendment rights, and jointly caused such deprivation of rights by acting in concert to unlawfully beat and brutalize Plaintiff because of or on account of Plaintiff's race and/or color and/or sexual orientation.

64. In derogation of duty, the individually named Defendants, having power to do so, failed to prevent the commission of, or neglected or refused the same, the beating, the sexual assault and physical abuse of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

65. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to

suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

**FIFTH CAUSE OF ACTION**
**(42 U.S.C. § 1981)**

66. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

67. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, acting under color of state law, both collectively and individually, have engaged in action and abuses which have deprived Plaintiff, a male African-American citizen, of rights, privileges and immunities secured by the United States Constitution, including, but not limited to, rights secured by the 4th, 5th, 14th Amendments and other laws in violation of 42 U.S.C. § 1981.

68. In derogation of duty, the individually named Defendants, having power to do so, failed to prevent the commission of, or neglected or refused the same, the beating, the sexual assault and physical abuse of Plaintiff, and therefore are liable to the Plaintiff for all direct and proximate results of said acts.

69. Said actions by Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, denied Plaintiff of his Constitutional rights, including but not limited to, due process and equal protection under the law. All of these rights are guaranteed to the Plaintiff under 42 U.S.C. § 1981. Said acts were motivated by race and color and/or Plaintiff's sexual orientation, and marked by the conduct of Defendants supporting the motivation.

70. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to

suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

**SIXTH CAUSE OF ACTION**
**(Assault)**

71. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

72. At all times relevant, Defendants Corporal McCaffrey, Officer Benson, Officer Staib, Officers Stussey, and Jane and John Does, and other correction personnel involved in the incident underlying this lawsuit were agents, servants, and employees acting within the scope of their employment with Defendant County.

73. By the actions described above, Defendant County, through its employees and agents, intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

74. By the actions described above, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does intentionally caused and allowed Plaintiff to be placed in apprehension of imminent harmful and offensive contact.

75. As a consequence of the foregoing, Plaintiff suffered and continues to suffer substantial damages.

**SEVENTH CAUSE OF ACTION**
**(Battery)**

76. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

77. At all times relevant, Defendants Corporal McCaffrey, Officer Benson, Officer Staib, Officers Stussey, and Jane and John Does, and other correction personnel involved in the

incident underlying this lawsuit were agents, servants, and employees acting within the scope of their employment with Defendant County.

78. By the actions described above, Defendant County, through its employees and agents, intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

79. By the actions described above, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does intentionally caused and allowed Plaintiff to be struck in a harmful and offensive manner.

80. As a consequence of the foregoing, Plaintiff suffered and continues to suffer substantial damages.

**EIGHTH CAUSE OF ACTION**
**(Violation of New York State Constitution)**

81. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

82. By the actions described above, Defendant County, subjected or caused Plaintiff to be subjected to deprivation of his rights secured by Article 1, Section 6 of the New York State Constitution.

83. By the actions described above, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, subjected or caused Plaintiff to be subjected to deprivation of his rights secured by Article 1, Section 6 of the New York State Constitution.

84. As a consequence of the foregoing, Plaintiff suffered and continues to suffer substantial damages.

**NINTH CAUSE OF ACTION**
**(Under New York State Correction Law)**

85. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

86. By the actions described above, Defendant County, deprived Plaintiff of his rights secured under New York State Correction Law section 500-k and 137(5).

87. By the actions described above, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, deprived Plaintiff of his rights secured under New York State Correction Law section 500-k and 137(5).

88. As a consequence of the foregoing, Plaintiff suffered and continues to suffer substantial damages.

**TENTH CAUSE OF ACTION**
**(Negligence)**

89. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

90. By reason of the foregoing, Defendant County, through its agents, servants and employees, breached its duty to assign, train, supervise, discipline or retain its Correction personnel. Defendant's agents, servants and employees failed and refused to use such care in the performance of their duties as reasonably prudent law enforcement employees would have used under similar circumstances.

91. Defendant County, through its agents, servants, and employees, failed and refused to use such care in the performance of its duties as reasonably prudent Correction employees would have used under similar circumstances.

92. Defendant County and its Correction personnel in a supervisory capacity and with direct supervision of and responsibility for the conduct of subordinate Correction staff herein, failed to properly supervise subordinates or to otherwise act to remedy the wrong done to Plaintiff.

93. Defendant County failed to properly hire, screen, assign, train, supervise, monitor, or discipline its Correction Department personnel, including individuals herein sued and other Correction personnel who unlawfully participate in or permit unlawful use of force by Correction personnel.

94. The acts complained of herein resulted from Defendant County through its agents, servants and employees, breaching its duty properly to hire, assign, train, supervise, discipline or retain its Correction Department personnel.

95. Defendant County's failure properly to assign, train, supervise, discipline or retain Corrections employees, including the Correction personnel involved herein, constitutes acquiescence in and tolerance of ongoing unconstitutional uses of force and allowed the individual Defendants to believe that they could with impunity abuse and punish Plaintiff.

96. As a consequence of the foregoing, Plaintiff suffered and continues to suffer substantial damages.

**ELEVENTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Unlawful Search)**

97. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

98. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, subjected Plaintiff and his person to an unreasonable search without a valid warrant and/or without reasonable suspicion or probable cause to do so.

99. Plaintiff was conscious and fully aware of the unreasonable search to his person.

100. Plaintiff did not consent to the unreasonable search to his person.

101. The unreasonable search to Plaintiff's person was not otherwise privileged.

102. Accordingly, Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, violated Plaintiff's right to be free from unreasonable searches, pursuant to the Fourth Amendment to the United States Constitution, as well as violated the Civil Rights Law, 42 U.S.C. § 1983.

103. As a result of the above constitutionally impermissible conduct, Plaintiff was caused to suffer physical and personal injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**TWELFTH CAUSE OF ACTION**
**(42 U.S.C. § 1983 – Eighth Amendment Violation)**

104. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

105. Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, caused or allowed Plaintiff to be free from cruel and unusual punishment and to due process of law pursuant to the Eighth and Fourteenth Amendments to the United States Constitution and are liable to Plaintiff under 42 U.S.C. § 1983.

106. The acts, inaction and omissions of Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, constitute deliberate, willful, wanton indifference to the right of Plaintiff be free from unlawful use of force by Correction personnel.

107. That the acts, inaction and omissions of Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, acting under color of State law, were done intentionally, maliciously, and/or with a reckless disregard for the natural and probable

consequences of his acts and were designed to and did cause injury in violation of Plaintiff's Constitutional rights as guaranteed under 42 U.S.C. § 1983 and set forth in the Fourteenth Amendment to the United States Constitution.

108. As a consequence of Defendants' wrongful actions, intentional, negligent, and reckless behavior, and violations of state and federal laws, Plaintiff was seriously injured, subjected to great fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

109. As a result of said civil rights violations, Plaintiff suffered personal injuries, physical injuries, violation of civil rights, emotional distress, anguish, anxiety, fear, and humiliation, among other injuries.

**THIRTEENTH CAUSE OF ACTION**
**(*Monell* Claim)**

110. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

111. Municipalities have a duty to protect those held in custody, but prior to December 1, 2011, and since, the County has permitted and tolerated a pattern and practice of unjustified, unreasonable and illegal unreasonable and illegal uses of force and beatings against detainees, inmates, prisoners, and minorities, including but not limited to, African American detainees, by officers of the County, NCCC, and Sheriff's Office, and other local police departments within the County. Such beatings and illegal use of force were improper, and the officers involved were not seriously prosecuted, disciplined, or subjected to restraint, and such incidents were in fact covered up with official claims that the beatings and used of force were justified and proper, thereby illustrating, suggesting, inferring, and implying municipal supervisors' acquiescence in the

unconstitutional behavior of subordinate correction officers. As a result, correction officers within their jurisdiction were caused and encouraged to believe that civilian persons could be beaten or abused under circumstances not requiring the use of excessive force, and that such beatings would in fact be permitted by the Defendant County. Further, as a result of the violent beatings and illegal use of force by Defendants, municipal liability is inferred. Such violent and illegal acts by Defendants imply an official policy encouraging and/or condoning the use of such force.

112. In addition to permitting a pattern and practice of improper beatings and abuses of African Americans in Nassau County, the County, Sheriff's Office, NCCC, and Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, have failed to maintain a proper system of investigation of all incidents of unjustified beatings, shootings, and excessive use of force by correction officers.

113. The County has failed to respond to the continuing and urgent need to prevent, restrain, and discipline law enforcement officials who wrongfully beat, use excessive force, and abuse detainees, inmates, prisoners, African American civilians, and the County has failed to find that civil complaints made against correction officers are founded or valid in any way, therefore the County is liable under 42 U.S.C. § 1983 because the County has had actual and/or constructive knowledge of the patterns of abuse and excessive force against minorities by its correction officers, employees, and/or agents in violation of the United States Constitution, and because of the Sheriff's Office, NCCC, and Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, un-meaningful policy and custom for reviewing complaints of misconduct, the Defendant Officers relied upon that flawed policy to continue their pattern of physical abuse, excessive force, and discriminatory legal enforcement, all in violation of Plaintiff's rights.

114. The County, NCCC, Sheriff's Office, and Defendants Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, have maintained a system of review of unjustified beatings, and excessive use of force by police and correction officers that has failed to identify the improper brutality by correction officers and failed to subject officers who beat and/or brutalized citizens to discipline, closer supervision, or restrain, to the extent that it has become the custom of the County to tolerate the improper beatings and other wrongful actions by correction officers.

115. Further, the County, who maintains either supervisory and/or decision-making positions, permitted a practice of improper investigation, supervision, discipline and hiring of the individually named Defendants. The actions of correction officers have evidenced a failure to train or supervise properly. Such failure by supervisors has amounted to gross negligence on the part of correction officers' superior and the County. The County also refused and failed to prosecute the Defendant officers thereby improperly and in violation of the Plaintiff's rights neglected, failed, and/or delayed in administering an investigation of the circumstances surrounding the instant matter and neglected, failed and/or delayed in presenting the matter to the Grand Jury.

116. Upon information and belief, specific systemic flaws in the County brutality review process include, but are not limited to, the following:

a. Preparing reports regarding investigations of beatings incidents as routine point-by-point justifications of correction officer actions, regardless of whether such actions are justified;

b. Correction officers investigating beatings systemically fail to credit testimony non-officer witnesses, and uncritically rely on reports by correction officers involved in the incident;

c. Correction officers investigating beatings fail to include in their reports relevant factual information which would tend to contradict the statements of the police officers involved;

d. Supervisory correction officers at times issue public statements exonerating correction officers for excessive use of force, improper beatings, and use of unnecessary and excessive force before the investigation of the incident by corrections facility has been completed;

e. Reports in brutality cases are not reviewed for accuracy by supervisory officers. Conclusions are frequently permitted to be drawn on the basis of clearly incorrect or contradictory information.

117. The foregoing acts, omissions, systemic flaws, policies and customs of the Defendants County, NCCC, Sheriff's Office, Corporal McCaffrey, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, caused the Defendant Officers to believe that brutality and the other improper actions would not be aggressively, honestly, and properly investigated, with the foreseeable result that officers are most likely to use excessive force in situations where such force is neither necessary nor reasonable.

118. As a direct and proximate result of the aforesaid acts, omissions, system flaws, policies, practices and customs of the Defendants County, NCCC, Sheriff's Office, Officer Benson, Officer Stussey, Officer Staib, and Jane and John Does, unjustifiably beat and brutalized Plaintiff, all in violation of his civil and constitutional rights, and Plaintiff was deprived of his freedom, was seriously injured, was subjected to fear, terror, personal humiliation and degradation, and suffered and continues to suffer physical pain and impairment, mental and emotional distress, as a result of the aforesaid unlawful conduct of Defendants.

119. Defendant County was reckless, careless, intentional, negligent, and/or deliberately indifferent in the training, hiring, administration and supervision of the correction officers, including Defendant officers, with respect to the use of force against detainees, inmates, prisoner, minority persons, the inquiry of minority persons, the bringing of charges against minority persons, and the recognition and preservation of the civil and constitutional rights of minority persons.

**FOURTEENTH CAUSE OF ACTION**
**(Attorneys' fees pursuant to 42 U.S.C. § 1988)**

120. Plaintiff repeats and realleges each and every allegation set forth in the preceding paragraphs as if fully set forth at length herein.

121. That the aforementioned actions of the Defendants deprived Plaintiff of rights, privileges, and immunities as guaranteed under the United States Constitution by way of 42 U.S.C. § 1983.

122. That in the event that Plaintiff is successful in the prosecution of any of the aforesaid federal claims, Plaintiff shall be the prevailing party within the meaning of 42 U.S.C. § 1988 and entitled to the recovery of said attorneys' fees from Defendants.

**JURY DEMAND**

123. Plaintiff demands a trial by jury on all causes of action.

**WHEREFORE**, Plaintiff demand judgment against Defendants on all causes of action in the sum to be determined at trial and punitive damages in an amount which exceeds the jurisdictional limits of the Court; interest, costs, disbursements, and punitive damages and attorneys' fees pursuant to 42 U.S.C. § 1988 and any other and further relief this Court deems just, proper, and equitable.

Dated: Farmingdale, New York
January 10, 2023

Yours, etc.
GUERCIO & GUERCIO, LLP
*Attorneys for Plaintiff*

CHRISTOPHER F. MESTECKY
LA WANDA WILLIAMS
JOHN J. BRADLEY
77 Conklin Street
Farmingdale, NY 11735
(516) 694-3000

GGDOCS-1811870693-1197\2.0