UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X
ROBERT JEFFREY JOHNSON, JR.,

ENDORSED ORDER

Plaintiff,

Case No. 2:23-cv-00167

-against-

COUNTY OF NASSAU, NASSAU COUNTY CORRECTIONAL CENTER, NASSAU COUNTY SHERIFF'S DEPARTMENT, CORPORAL PATRICK MCCAFFREY, OFFICER THOMAS BENSON, OFFICER JAMES STAIB, OFFICER DYLAN HUSSEY, OFFICER ANTHONY MINERVINI, AND OFFICER JOSE VILLATORO,

**JOINT PRETRIAL ORDER**

Defendants.
--------------------------------------------------------------------X

Having conferred among themselves and with the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure, the parties adopt the following statements, directions and agreements as the Joint Pretrial Order:

## I. Parties and Counsel

Trial counsel for Plaintiff is Guercio & Guercio, LLP, 77 Conklin Street, Farmingdale, New York 11735, 516-694-3000 (John J. Bradley appearing). Trial Counsel for Defendants is Milber, Makris, Plousadis & Seiden, 1000 Woodbury Road, Suite 402, Woodbury, New York 11797, 516-712-4000 (Gaetana Liantonio McBride appearing)

## II. Jurisdiction

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 1983. The subject matter of the Court is not contested.

## III. Claims and Defenses

*Claims*

1) Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini subjected Plaintiff, Robert Jeffrey Johnson, Jr., to excessive force, including a beating and sexual assault, in violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.

2) Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, Anthony Minervini, and Jose Villatoro (hereinafter referred to as the "Individual Defendants") failed to intervene to prevent or terminate the alleged use of excessive force against Plaintiff, despite having a reasonable opportunity to do so, in violation of 42 U.S.C. § 1983.

3) Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini subjected Plaintiff to an unreasonable search in violation of the Fourth Amendment and 42 U.S.C. § 1983 by restraining Plaintiff, pulling down his pants, and subjecting him to nonconsensual digital penetration.

4) Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment and 42 U.S.C. § 1983.

5) The Individual Defendants conspired to deprive Plaintiff of his federally protected rights on account of his race, in violation of 42 U.S.C. § 1985.

6) The Individual Defendants, having knowledge of and the ability to prevent the alleged conspiracy and resulting violations of Plaintiff's rights, failed or neglected to do so in violation of 42 U.S.C. § 1986.

7) Defendants deprived Plaintiff of rights protected by 42 U.S.C. § 1981 on account of Plaintiff's race.

8) Defendants committed an assault against Plaintiff under New York law.

9) Defendants committed a battery against Plaintiff under New York law.

*Defenses*

1) There is no evidence that Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini subjected Plaintiff, Robert Jeffrey Johnson, Jr., to excessive force, including a beating and sexual assault, in violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983. Moreover, Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini deny that they individually or acting together subjected Plaintiff, Robert Jeffrey Johnson, Jr., to excessive force, including a beating and sexual assault, in violation of Plaintiff's constitutional rights under 42 U.S.C. § 1983.

2) There is no evidence and Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, Anthony Minervini, and Jose Villatoro (hereinafter referred to as the "Individual Defendants") failed to intervene to prevent or terminate the alleged use of excessive force against Plaintiff, despite having a reasonable opportunity to do so, in violation of 42 U.S.C. § 1983. Moreover,

Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, Anthony Minervini, and Jose Villatoro (hereinafter referred to as the "Individual Defendants") deny that they failed to intervene to prevent or terminate the alleged use of excessive force against Plaintiff, despite having a reasonable opportunity to do so, in violation of 42 U.S.C. § 1983.

3) There is no evidence that Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini subjected Plaintiff to an unreasonable search in violation of the Fourth Amendment and 42 U.S.C. § 1983 by restraining Plaintiff, pulling down his pants, and subjecting him to nonconsensual digital penetration. Moreover, Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini deny that they subjected Plaintiff to an unreasonable search in violation of the Fourth Amendment and 42 U.S.C. § 1983 by restraining Plaintiff, pulling down his pants, and subjecting him to nonconsensual digital penetration

4) There is no evidence that Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment and 42 U.S.C. § 1983. Moreover, Defendants Corporal Patrick McCaffrey and Officers Thomas Benson, James Staib, Dylan Hussey, and Anthony Minervini deny that they subjected Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment and 42 U.S.C. § 1983.

5) There is no evidence that the Individual Defendants conspired to deprive Plaintiff of his federally protected rights on account of his race, in violation of 42 U.S.C. § 1985. Moreover, the Individual Defendants deny that they conspired to deprive Plaintiff of his federally protected rights on account of his race, in violation of 42 U.S.C. § 1985.

6) There is no evidence that the Individual Defendants, having knowledge of and the ability to prevent the alleged conspiracy and resulting violations of Plaintiff's rights, failed or neglected to do so in violation of 42 U.S.C. § 1986. Moreover, the Individual Defendants, deny having knowledge of and the ability to prevent any alleged conspiracy (as none existed) and deny any violations of Plaintiff's rights, or that they failed or neglected to do so in violation of 42 U.S.C. § 1986.

7) There is no evidence that the Defendants deprived Plaintiff of rights protected by 42 U.S.C. § 1981 on account of Plaintiff's race. Moreover, the Defendants deny that they deprived Plaintiff of rights protected by 42 U.S.C. § 1981 on account of Plaintiff's race.

8) There is no evidence that the Defendants committed an assault against Plaintiff under New York law. Moreover, the Defendants deny that they committed an assault against Plaintiff under New York law.

9) There is no evidence that the Defendants committed a battery against Plaintiff under New York law. Moreover, the Defendants deny that they committed a battery against Plaintiff under New York law.

10) Officer Defendants, McCaffrey, Benson, Staib, and Hussey each deny that on October 12, 2021, at approximately 3:30 p.m that they individually or jointly took the plaintiff out of his jail cell and brought him to the lockbox area of B2 of the Nassau County jail;

11) Officer Defendants, McCaffrey, Benson, Staib, and Hussey each denied assaulting the plaintiff on October 12, 2021or witnessing the plaintiff being assaulted by any other corrections officers on that date.

12) While Plaintiff may have been taken out of his cell on the alleged date of the incident, the evidence demonstrates that the purpose was for a medical examination due to his complaints of chest pain.

13) The logbook entries regarding plaintiff on the date of the incident demonstrate that medical staff visited plaintiff and evaluated him in the lockbox area.

14) The alleged incident was investigated by Robert Pierce of the Internal Affairs Unit As a result of his investigation, Investigator Pierce recommended that the case be closed as "not sustained".

## IV. Jury or Bench Trial & Trial Length & No Consent to Trial by Magistrate Judge

Plaintiff has demanded a jury trial of all issues and Defendants accept Plaintiff's demand for a jury trial. Trial in this matter is expected to take 7 days. The parties have not consented to trial of the case by a magistrate judge.

## V. Statement of Relief Sought

Plaintiff seeks compensatory damages in an amount to be determined at trial for past and future physical pain and suffering, physical injuries and impairment, emotional and psychological injuries, mental and emotional distress, anguish, anxiety, fear, humiliation, and other damages caused by Defendants' alleged conduct. Plaintiff further seeks punitive damages against the individual Defendants in an amount to be determined at trial, together with interest, costs and disbursements, reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just, proper, and equitable.

## VI. Witnesses

A list of Plaintiff's witnesses is attached hereto as **Exhibit 1**.

The defense intends to call Normon W. Reinach, MD, FACS, 1915 New Hyde Park Rd., New Hyde Park, NY 11040. He will testify regarding his ophthalmological examination of the plaintiff on July 6, 2023 medical treatment of plaintiff's eye following the incident.

## VII. Deposition Testimony

Plaintiff expects to present witnesses live and presently does not intend to offer deposition testimony. However, in addition to calling the Individual Defendants as witnesses, Plaintiff intends to call several nonparty witnesses who were deposed in this action. In the event that any such witness is unavailable to testify at trial within the meaning of Federal Rule of Civil Procedure 32(a)(4), Plaintiff reserves the right to offer the deposition testimony of such witness at trial, subject to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any rulings of the Court.

In addition, Plaintiff has been recently advised by defense counsel that named defendant, Dylan Hussey, died last year. Based upon that representation, plaintiff intends to read into the record the following portions of his deposition dated July 11, 2023 on his case in chief: 4:15 – 8:17; 8:25 – 9:16; 9:21-22; 10:2 – 117:14.

Defendants object to the following portions of the deposition: 71:4-78:24.

Defendants intend to read into the record the following portions of Hussey's deposition: Full Transcript, except for the portions objected to above.

## VIII. Stipulations

a. It is hereby stipulated and agreed, by and between the parties, that:

   i. Sergeant Patrick McCaffrey was on duty, and was assigned to the B2 Floor of the Nassau County jail as corporal, on the 7:30 a.m. to 4:00 p.m. shift on October 12, 2021;

   ii. Correction Officer Jose Villatoro was on duty, and was assigned to the B2 Floor of the Nassau County jail as the lobby officer, on the 7:30 a.m. to 4:00 p.m. shift on October 12, 2021;

   iii. Correction Officer Thomas Benson was on duty, and was assigned to the B2 Floor of the Nassau County jail as the patrol officer for tiers C and D, on the 7:30 a.m. to 4:00 p.m. shift on October 12, 2021;

   iv. Correction Officer James Staib and was assigned to the B2 Floor of the Nassau County jail as the patrol officer for tiers C and D, on the 7:30 a.m. to 4:00 p.m. shift on October 12, 2021;

v. Correction Officer Anthony Minirvini, and was assigned to the B2 Floor of the Nassau County jail as the patrol officer for tiers A and B, on the 7:30 a.m. to 4:00 p.m. shift on October 12, 2021;

vi. Correction Officer Dylan Hussey, and was assigned to the B Building of the Nassau County jail as a rover, on the 7:30 a.m. to 4:00 p.m. shift on October 12, 2021;

vii. In October 2021, there were no surveillance or stationary video cameras in the B2 housing floor or on its housing tiers.

viii. The camera located above the door leading from the D Building to the B2 Floor only displays a view of the D2 area of the jail. It does not display any images of the B2 Floor. And, from its position it could not view any portion of B2. In addition, the camera in question does not record. It only provides a live feed of the D2 hallway.

ix. A search was conducted and the logbooks for the E Building, Floor 2 A & B Post Logbook and the B Dorm post logbook for October 12, 2021 and October 13, 2021 could not be located by the Sheriff's Department, Division of Corrections.

x. Plaintiff was housed in cell 9, in the D Tier of B Building, 2nd Floor of the Nassau County jail from October 4, 2021 to October 12, 2021.

xi. Plaintiff was housed in cell 11-A, in the B Tier of E Building, 2nd Floor of the Nassau County jail on October 13, 2021.

xii. Clifton Woods was housed in cell 48-A, in the B Tier of E Building, 2nd Floor of the Nassau County jail on October 13, 2021.

## IX. Exhibits[1][2]

A list of Plaintiff's Exhibits is attached hereto as **Exhibit 2**. A list of Defendants' Exhibits is attached hereto as **Exhibit A**.

## X. Motions in Limine

a. Plaintiff intends to file the following motions in limine:

i. Preclude Evidence or Reference to Plaintiff's Criminal History, Including Any Prior Arrests, Charges, or Convictions, length and location of prior

[1] Exhibits with one star indicate that no party objects to the exhibit on ground of authenticity. Exhibits with two stars indicate that no party objects on any ground except for relevance.
[2] With respect to all exhibits, both parties reserve objections as to relevance.

incarceration, parole history and alleged parole violations, and the Offense(s) for Which Plaintiff Was Incarcerated at the Time of the Incident, and the Underlying Facts and Circumstances Thereof;

ii. Preclude evidence of or reference to Plaintiff's alleged prior drug use, drug-related arrests or charges, substance-abuse treatment or programming, and drug or alcohol screening;

iii. Preclude prior arrests, accusations, or unproven criminal conduct;

iv. Preclude details of plaintiff's incarceration beyond what is necessary for context (i.e., length of incarceration, nature of his charges/offense);

v. Preclude Evidence Concerning the Facts and Circumstances of the Motor Vehicle Accident Involving Plaintiff and Members of His Family, Including Any Alleged Alcohol Use, Injuries Sustained by Other Occupants, and Resulting Family Court or Child-Custody Proceedings.

vi. Introduce evidence that Investigator Robert Pierce previously determined that McCaffrey made false statements regarding a prior unrelated use of force incident.

b. Defendants intend to file the following motions in limine:

i. Introduce Evidence regarding Plaintiff's Criminal History, Including Any Prior Arrests, Charges, or Convictions, length and location of prior incarceration, parole history and alleged parole violations, and the Offense(s) for Which Plaintiff Was Incarcerated at the Time of the Incident, and the Underlying Facts and Circumstances Thereof;

ii. Introduce evidence of or reference to Plaintiff's alleged prior drug use, drug-related arrests or charges, substance-abuse treatment or programming, and drug or alcohol screening;

iii. Introduce Evidence regarding Plaintiff's prior arrests, accusations, and all criminal conduct;

iv. Introduce evidence of the details of plaintiff's incarceration;

v. Introduce evidence Concerning the Facts and Circumstances of the Motor Vehicle Accident Involving Plaintiff and Members of His Family, Including the Alleged Alcohol Use, Injuries Sustained by Other Occupants, and Resulting Family Court or Child-Custody Proceedings.

vi. Preclude evidence that Investigator Robert Pierce previously determined that McCaffrey made false statements regarding a prior unrelated use of force incident.

vii. Preclude evidence of any prior internal affairs investigations regarding any of the officers.

## XI. Modification of Order

IT IS ORDERED that the Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto, upon application of counsel for any party made in good faith, or upon the Court's own motion, modify this Joint Pretrial Order to the extent that the Court may deem such modification to be just and proper.

Dated: 11/9/2026

/s/ Ramón E. Reyes, Jr.
Ramon E. Reyes, Jr.
United States District Judge

GUERCIO & GUERCIO, LLP
*Attorneys for Plaintiff*

/s/John J. Bradley
John J. Bradley
77 Conklin Street
Farmingdale, New York 11735
516-694-3000
jbradley@guerciolaw.com

Dated: Farmingdale, New York
November 6, 2026

MILBER, MAKRIS, PLOUSADIS & SEIDEN
*Attorneys for Defendants*

/s/Gaetana Liantonio-McBride
Gaetana Liantonio-McBride
*Attorneys for Defendants*
1000 Woodbury Road, Suite 402
Woodbury, NY 11797
(516)712-4000
gmcbride@milbermakris.com

Dated: Woodbury, New York
November 6, 2026